UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BOWMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:22-CV-748 JAR |
| CAPTAIN ORVILLE LESTER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by self-represented plaintiff Robert M. Bowman, a pretrial detainee currently housed at Lincoln County Jail in Troy, Missouri. ECF No. 6. For the reasons discussed below, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On July 13, 2022, plaintiff filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff named Captain Orville Lester, Shirley Unknown, Kristina Williams, Kevin Childers, Correctional Officer Bo Jones, and Nurse Jamie Unknown as defendants. Plaintiff indicated he was suing Captain Lester and Nurse Jamie in their official and individual capacities, but was silent as to the capacity of the remaining four defendants.

In the section of the form complaint designated to provide his statement of claim, plaintiff alleged a lack of COVID-19 protocols within the Lincoln County Jail (the "Jail"), including no testing, vaccinations, or quarantining. Attached to the complaint was a three-page narrative

unrelated to the Jail's COVID-19 protocols. Within the attachment, plaintiff described a slip and fall incident that allegedly occurred on April 28, 2022 while he was working in the Jail's kitchen. He claimed he had to wait two hours to be seen by a nurse, who ultimately provided him with an ice pack for his arm, but failed to examine his back. Plaintiff states he received an X-ray of his right wrist, which revealed mild osteoarthritis. Plaintiff asserts he was placed on a lay-in for three days, which was not honored, and other than receipt of a compression for his wrist, he was not provided with any additional medical treatment. For relief, plaintiff sought $10,000 in punitive damages and a Court order directing the Jail to diagnose his injuries. *Id.* at 8.

On July 21, 2022, the Court reviewed plaintiff's complaint pursuant to § 1915 and determined it was subject to dismissal. First, the Court explained that an official capacity claim against an individual is actually against the governmental entity itself. Because plaintiff did not allege Lincoln County had an unconstitutional policy or custom, his official capacity claims failed. Second, the Court found plaintiff's complaint to be defective because it presented a case involving two unrelated claims against multiple defendants. In other words, his allegations regarding the inadequacy of the Jail's COVID-19 protocols and the medical care he received after a slip and fall were improperly joined together into one action in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Third, as to the two defendants he named in their individual capacities, plaintiff failed to explain how they were personally responsible for any of the alleged constitutional violations. Lastly, as to his claim regarding the Jail's COVID-19 protocols, he did not allege he contracted COVID-19, or had been exposed. As such, plaintiff failed to show that the actions of any of the defendants caused injury.

In consideration of plaintiff's self-represented status, the Court directed him to submit an amended complaint to cure his pleading deficiencies.

3

## Amended Complaint

On August 10, 2022, plaintiff filed his amended complaint. ECF No. 6. Plaintiff names two defendants, Lincoln County, Missouri and Summit Foods. Plaintiff states he worked in the Jail's kitchen as an inmate-baker. On April 28, 2022, while he was working, plaintiff asserts he "slipped on a big puddle in front of [the] sink" and "fell hurting [his] right arm and right hip and right side of [his] back." Plaintiff alleges he had to wait "2 hours on a bench until Nurse Jamie came to work." The non-defendant nurse provided him with an ice pack and asked him if he was wearing slip resistant shoes or shoe covers. When plaintiff answered in the negative, the nurse allegedly said, "I told them this was going to happen."

Plaintiff complains the nurse did not evaluate his back, but he does not state that he asked her to do so. On the same day, plaintiff received an X-ray of his right wrist. The results revealed mild osteoarthritis. Plaintiff states the nurse provided him with a lay-in to be absent from work for three days, but was subsequently told by a non-defendant Summit employee that he did not have a lay-in and would have to report to work. When plaintiff asked the nurse about the issuance of a lay-in, she allegedly told him "to just take a Motrin" which was unavailable "on the medical cart." Since the incident, plaintiff claims he has been suffering from back and right arm pain. Other than receiving an "ankle compression for [him] to put on [his] wrist," plaintiff complains he has not received any additional medical treatment.

On August 19, 2022, plaintiff filed a one-page letter to the Court. ECF No. 7. Plaintiff claims defendants Lincoln County Jail and Summit Foods "know[] they were [at] fault for [him] falling on 4-28-22 because no slip resistant shoes [or] covers were available to [him] . . . or any other inmate kitchen workers" and because, subsequent to his fall, plaintiff "was pulled into Nurse Jamie's . . . office to help her order slip-on slip resi[s]tant shoe covers." *Id.*

4

## Discussion

The Court has carefully reviewed plaintiff's amended complaint and has determined it fails to state a claim. As such this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

To the extent plaintiff is attempting to allege liability under § 1983 against either defendant for the April 28, 20222 slip and fail, such claim must be dismissed. A "slip and fall," without more, does not amount to cruel and unusual punishment. "Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Randazzo v. Missouri Dep't of Corr.*, 2011 WL 6046522, at *2 (E.D. Mo. Dec. 5, 2011) (citing *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (quotation omitted); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D. W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); *Robinson v. Cuyler*, 511 F. Supp. 161, 162, 163 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen); *Tunstall v. Rowe*, 478 F. Supp. 87, 88, 89 (N.D. Ill. 1979) (finding no Eighth Amendment violation based on greasy prison stairway)). *See also Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983").

Whether defendants knew of a slippery environment or were aware that providing non-slip shoes could prevent a fall does not give rise to liability for a civil rights claim. *See e.g., Snyder v. Blankenship*, 473 F. Supp. 1208, 1209, 1212-13 (W.D. Va. 1979) (dismissing Eighth Amendment

claim based on prisoner slipping and falling on slick prison kitchen floor caused by leaking dishwasher – even though prisoner offered proof of prison officials' knowledge of hazardous condition and past serious injuries resulting from slips and falls on the floor – prison officials' failure to remedy the situation "cannot be said as a matter of federal law to be conduct shocking to the conscience or repugnant to civilized standards of a maturing society"); *Lefall v. Johnson*, 48 Fed. Appx. 104 (5th Cir. 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983) (unpublished); *Gates v. Jolley*, 2007 WL 106533, at *2, 5 (M.D. Ga. Jan 8, 2007) (prisoner's allegations that he slipped on accumulated water due to leak in roof, causing him to suffer back pain, failed to state Eighth Amendment claim; defendants' awareness of leak and failure to repair it was not more than mere negligence) (unpublished); *Gaskin v. Mathews*, 2012 WL 174933 (N.D. Fla. Jan 20, 2012) (prisoner's claim that he slipped and fell on slippery kitchen floor due to prison officials' failure to provide rubber mats was insufficient to state plausible Eighth Amendment claim) (unpublished).

Thus, the Court finds that plaintiff's slip-and-fall allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment, nor do they allege a claim for cruel or unusual punishment. Because Plaintiff's claim amounts only to negligence, it is not actionable under § 1983 and, therefore, should be dismissed.

The Court also interprets plaintiff's amended complaint to allege a claim of medical deliberate indifference. To state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Conclusory allegations and allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Id.* Here, plaintiff has failed to plead facts sufficient

6

to indicate a deliberate indifference to serious medical needs. Although plaintiff allegedly had to wait two hours to see a nurse after his slip and fall, he admits he did receive treatment on the same day, including an X-ray examination. Attached to his amended complaint is the one-page radiology report indicating no fracture or dislocation was observed in his right hand, although mild osteoarthritis was detected. Plaintiff appears to complain that the nurse who saw him after the incident did not examine his "whole arm or back," however, he does not allege that he requested her to examine either area, or that he told her he had pain in his back or upper arm. He further complains he has not received any additional treatment since the fall, but he does not allege he put in a formal request to be seen and was denied or who denied him such request, if any. Plaintiff's allegations do not rise to an Eighth Amendment violation as they, at most, if at all, describe negligence in treatment, not deliberate indifference.

Lastly, to state a claim against a governmental entity, such as Lincoln County, Missouri, plaintiff must allege that a policy or custom of the government is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Similarly, Summit Foods is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"). Plaintiff's amended complaint does not contain any allegations that a policy or custom of Lincoln County or Summit Foods were responsible for the alleged violations of plaintiff's constitutional rights. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his

complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of September, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE